IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00901-REB-MJW

DOUGLAS PERRY,

    Plaintiff,

v.

TASER INTERNATIONAL INC.,
CITY OF AURORA, COLORADO, a municipal entity, and
RICK BENNET, in his individual and official capacity,

    Defendants.

## AMENDED ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS[1]

**Blackburn, J.**

The matters before me are (1) **Defendants City of Aurora and Former Chief Ricky Bennett's Motion To Dismiss Pursuant to F.R.C.P. 12(b)(6)** [#35], filed October 22, 2007; and (2) **Defendant Taser International, Inc.'s Restated Motion To Dismiss Plaintiff's First Claim for Relief Pursuant to 42 U.S.C. § 1983 and Plaintiff's Related Claim for Attorney Fees** [#54], filed December 21, 2007. I grant the motions, dismiss plaintiff's federal claims for failure to state claims on which relief may be granted, and dismiss his state law claims for lack of supplemental jurisdiction.

### I. JURISDICTION

I putatively have jurisdiction over this case pursuant to 28 U.S.C. §§ 1331

---

[1] I enter this Amended Order to correct the misnomer of defendant Taser International, Inc., in the caption of the case. In all other respects, this amended order is identical to my original Order Granting Defendants' Motions To Dismiss [#67], entered April 8, 2008.

(federal question) and 1367 (supplemental jurisdiction)

## II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003). I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, – U.S. –, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Id.** (emphases in original).[2]

---

[2] **Twombly** rejected and supplanted the "no set of facts" language of **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The "plausibility" standard and its meaning recently were clarified in **Robbins v. Oklahoma**:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of

2

## III. ANALYSIS

On May 2, 2005, while participating in a training program to become an Aurora police officer at the Aurora Community College, plaintiff was asked to participate in a demonstration of a Taser device by unnamed senior officers leading the class. The officer affixed clips to plaintiff's back and administered an electric shock through the device. The force of the shock allegedly broke bones in plaintiff's back and detached muscles in his torso. This lawsuit followed.

The present motions challenge plaintiff's two federal causes of action, one against Taser International, Inc., the manufacturer of the Taser device, and the city of Aurora for violation of his substantive due process right to bodily integrity, and the other against the city and its former Chief of Police, Rick Bennett, for failure to properly train and supervise officers of the Aurora Police Department in the use of the Taser device.[3] Because the Third Amended Complaint fails to allege sufficient facts to suggest that plaintiff has a plausible basis for either claim, defendants' motions must be granted.

Plaintiff's Third Amended Complaint fails to meet the extraordinarily high threshold of pleading necessary to suggest a plausible claim for violation of his substantive due process rights under the Fourteenth Amendment. "[T]he standard for

---

conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

***Robbins***, – F.3d –, 2008 WL 747132 at *3 (10th Cir. March 21, 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citation and footnote omitted).

[3] Plaintiff also alleges product liability and negligence claims against Taser International under Colorado state law.

3

judging a substantive due process claim is whether the challenged government action would 'shock the conscience of federal judges.'" ***Uhlrig v. Harder***, 64 F.3d 567, 573 (10th Cir. 1995) (quoting ***Collins v. City of Harker Heights***, 503 U.S. 115, 126, 112 S.Ct. 1061, 1069, 117 L.Ed.2d 261 (1992)), ***cert. denied***, 116 S.Ct. 924 (1996). To meet this standard, "a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power. Instead, a plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." ***Tonkovich v. Kansas Board of Regents***, 159 F.3d 504, 528 (10th Cir. 1998) (citation and internal quotation marks omitted). Yet "[t]he Due Process Clause 'is not a guarantee against incorrect or ill-advised . . . decisions.'" ***Uhlrig***, 64 F.3d at 573 (quoting ***Collins***, 112 S.Ct. at 1070). A claim is established only when the defendant's conduct manifests either an intent to harm or reckless conduct, that is, an "aware[ness] of a known or obvious risk that was so great that it was highly probable that serious harm would follow and he or she proceeded in conscious and unreasonable disregard of the consequences." ***Id.*** at 573-74 & n.8.

The universe of circumstances that have been found sufficient to meet this test is limited indeed. The Tenth Circuit has found government action to be conscience shocking where school officials beat a nine-year-old student until the paddle with which she was being assaulted split in two, blood soaked through her clothing, and she received a two-inch cut on her leg. ***Garcia v. Miera***, 817 F.2d 650, 658 (10th Cir. 1987), ***cert. denied***, 108 S.Ct. 1220 (1988). By contrast, the circuit court found no

4

substantive due process violation where a teacher required a mentally retarded ten-year-old boy to clean out a clogged toilet with his bare hands. ***Harris v. Robinson***, 273 F.3d 927, 929 (10th Cir. 2001). Decisions from district courts in this circuit further suggest the extremely high degree of outrageousness that must be shown to constitute a violation of substantive due process. ***See, e.g.***, ***Williams v. Berney***, 2006 WL 753208 at *5 (D. Colo. March 20, 2006) (slip op.) (no substantive due process violation stated where state business license inspector assaulted plaintiff without provocation, causing him severe physical injuries and a later stroke); ***Richard v. Perkins***, 373 F.Supp.2d 1211, 1220 (D. Kan. 2005) (no substantive due process violation stated when state university track coach barred plaintiff from team and terminated his scholarship, despite allegations that actions were without good cause and coach, whose own son competed on the team in the same events as the plaintiff, had conflict of interest in making decision); ***Robbins v. Bureau of Land Management***, 252 F.Supp.2d 1286, 1300 (D. Wyo. 2003) (allegations that government officials threatened plaintiff, trespassed on his property, and convinced the U.S. Attorney's Office to prosecute him did not state cause of action for substantive due process); ***Gonzales v. Passino***, 222 F.Supp.2d 1277, 1282 (D.N.M. 2002) (no substantive due process violation stated on allegations that teacher struck recalcitrant student on the arm with a plastic bat, despite allegations that teacher reacted purely in anger with no good faith effort to restore discipline). Examples from other jurisdictions further illustrate the extreme and egregious nature of the type of conduct that can assert a claim for violation of substantive due process. ***Compare Rochin v. California***, 342 U.S. 165,

5

172-73, 72S.Ct. 205, 209-10, 96 L.Ed 183 (1952) (conscience-shocking state action found where a suspect's stomach was forcibly pumped to obtain evidence); **Harrington v. Almy**, 977 F.2d 37, 43-44 (1st Cir. 1992) (conscience-shocking state action where a suspended police officer was required to undergo a penile plethysmograph as a condition of reinstatement); **Grendell v. Gillway**, 974 F.Supp. 46, 51-52 (D. Me. 1997) (conscience-shocking conduct when officer lied to and threatened an eleven-year-old girl in order to extract incriminating information about the suspected drug use of her parents), **with Brown v. Hot, Sexy and Safer Productions**, 68 F.3d 525, 532 (1st Cir. 1995) (no substantive due process violation where public school students were required to attend a sexually explicit AIDS awareness assembly), **cert. denied**, 116 S.Ct. 1044 (1996); **Souza v. Pina**, 53 F.3d 423, 424-27 (1st Cir. 1995) (no substantive due process violation when a murder suspect committed suicide after prosecutors encouraged the media to link him to a series of murders); **Pittsley v. Warish**, 927 F.2d 3, 7 (1st Cir. 1991), **cert. denied**, 112 S.Ct. 226 (1991) (no conscience-shocking conduct when police officers threatened to kill mother, told mother's four-year-old and ten-year-old children that if their father was caught they would never see him again, and refused to allow the children to give their father a goodbye hug when he was arrested).

Plaintiff's Third Amended Complaint comes nowhere near alleging facts sufficient to suggest that he can support a plausible cause of action for violation of his Fourteenth Amendment substantive due process rights. *See Robbins v. Oklahoma*, – F.3d –, 2008 WL 747132 at * 2 (10th Cir. March 21, 2008) ("The burden is on the

plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief.") (quoting **Twombly**, 127 S.Ct. at 1965). Plaintiff acknowledges that he volunteered for the Taser demonstration.[4] Although he alleges that defendants knew or should have known that a risk of injury was involved, mere negligence clearly falls well below the standard of proof necessary to make out a viable claim.[5] **County of Sacramento v. Lewis**, 523 U.S. 833, 849, 118 S.Ct. 1708, 1718, 140 L.Ed.2d 1043 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."). **See also Paul v. Davis**, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976) (noting that the Fourteenth Amendment is not "a font of tort law to be superimposed upon whatever systems may already be administered by the States"). Moreover, the so-called "danger creation theory" of liability, on which plaintiff purports to rely, is clearly inapplicable here. **See Moore v. Guthrie**, 438 F.3d 1036, 1042 (10th Cir. 2006) (noting that the danger creation theory is "a narrow exception [to the rule that state actors are not liable for the violent acts of third parties], which applies only when a state actor affirmatively acts to create, or increases a plaintiff's vulnerability to, danger from private violence[.] It does not apply when the injury occurs due to the action of another state actor") (internal citations and quotation marks omitted).

---

[4] Although the complaint puts the word "volunteer" in quotation marks (*see* Third Am. Compl. ¶ 15 at 4), perhaps intending to suggest some type of coercion, plaintiff does not allege any facts to support an inference that his participation in the exercise was other than voluntary.

[5] For this same reason, the various evidence on which plaintiff attempts to rely in support of his opposition to the motion to dismiss is inapposite. Even if such extraneous evidence could be relied on in the context of a motion under Rule 12(b)(6), which it cannot, it does no more than bolster plaintiff's allegation that defendants were negligent in allowing the demonstration to proceed.

For these reasons, I find and conclude that plaintiff has failed to allege conduct that shocks the conscience and therefore that he cannot sustain a plausible claim for violation of his Fourteenth Amendment rights. Moreover, [i]n the absence of an underlying constitutional violation, plaintiff cannot make out a claim against the city or Bennett for failure to adequately train Aurora police officers in the use of the Taser. *See DeAnzona v. City and County of Denver*, 222 F.3d 1229, 1236 (10th Cir. 2000); *Hinton v. City of Elwood, Kansas*, 997 F.2d 774, 782 (10th Cir. 1993). Thus both claims must be dismissed under Rule 12(b)(6).

My decision in this regard leaves only plaintiff's state law product liability and negligence claims against Taser. When all federal claims have been dismissed prior to trial, the court generally should decline to exercise supplemental jurisdiction over pendant state claims.[6] *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002). I find it appropriate to do so here, and thus will dismiss plaintiff's state law claims without prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants City of Aurora and Former Chief Ricky Bennett's Motion To Dismiss Pursuant to F.R.C.P. 12(b)(6)** [#35], filed October 22, 2007, is **GRANTED**;

2. That **Defendant Taser International, Inc.'s Restated Motion To Dismiss**

---

[6] The only basis for federal jurisdiction asserted in the Third Amended Complaint is federal question jurisdiction. Assuming *arguendo* that it would be appropriate for me to consider whether diversity jurisdiction exists in the absence of an appropriate allegation in the complaint, the complaint nevertheless contains no allegations regarding Taser International, Inc.'s citizenship from which I might make such a determination.

**Plaintiff's First Claim for Relief Pursuant to 42 U.S.C. § 1983 and Plaintiff's Related Claim for Attorney Fees** [#54], filed December 21, 2007, is **GRANTED**;

3. That plaintiff's First and Second Claims for Relief, as set forth in the **Third Amended Complaint** [#51], filed December 6, 2007, are **DISMISSED WITH PREJUDICE** for failure to state claims on which relief may be granted;

4. That judgment **SHALL ENTER** on behalf of defendants, Taser International, Inc., City of Aurora, Colorado, a municipal entity, and Rick Bennett, in his official capacity, as to plaintiff's First and Second Claims for Relief, as set forth in the **Third Amended Complaint** [#51], filed December 6, 2007;

5. That plaintiff's Third, Fourth, Fifth, Sixth, Seventh, and Eighth Claims for Relief, as set forth in the **Third Amended Complaint** [#51], filed December 6, 2007, are **DISMISSED WITHOUT PREJUDICE** for lack of supplemental jurisdiction; and

6. That defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated April 11, 2007, at Denver, Colorado.

                **BY THE COURT:**

                **s/ Robert E. Blackburn**
                **Robert E. Blackburn**
                **United States District Judge**