IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00901-REB-MJW

DOUGLAS PERRY,

    Plaintiff,

v.

TASER INTERNATIONAL CORP.,
CITY OF AURORA, COLORADO, a municipal entity, and
RICK BENNET, in his individual and official capacity,

    Defendants.

## ORDER RE: DEFENDANT'S MOTION TO REVIEW TAXATION OF COSTS

**Blackburn, J.**

The matter before me is **Defendant Taser International, Inc.'s Motion for Review of Clerk's Entry of Costs** [#74], filed May 1, 2008. I grant the motion in part and deny it in part.

Allowable costs are delineated by 28 U.S.C. § 1920. The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are authorized by section 1920. *English v. Colorado Department of Corrections*, 248 F.3d 1002, 1013 (10th Cir. 2001); *Griffith v. Mt. Carmel Medical Center*, 157 F.R.D. 499, 502 (D. Kan. 1994). Expenses not specifically authorized by the statute are not recoverable as costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990). Moreover, even where costs are allowed by statute, the prevailing party still must demonstrate that the amount requested is reasonable. ***See U.S.***

*Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988), *overruled on other grounds as recognized by Anixter v. Home-Stake Products Co.,* 77 F.3d 1215, 1231 (10th Cir. 1996).

Defendant is entitled to costs as the prevailing party, having successfully moved to dismiss plaintiff's federal claims. Defendant sought $2,259.13 in costs associated with taking plaintiff's deposition and $1,149.93 in photocopying costs.[1] The Clerk of the Court taxed costs in the amount of $329.90, representing the costs of filing two applications for admission to the District of Colorado and $9.90 for copying of exhibits. The Clerk denied all other costs on a finding that they were not necessarily obtained for use in the case because the subject transcript and documents had not been utilized in connection with defendant's successful motion to dismiss.

Although the Clerk's standard may be "narrower than section 1920" requires, it is not necessarily an abuse of discretion to employ such a measure of costs. *Merrick v. Northern Natural Gas Co., Division of Enron Corp.*, 911 F.2d 426, 434 (10th Cir. 1990); *Hernandez v. George*, 793 F.2d 264, 268-69 (10th Cir. 1986). Moreover, "[t]he most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." *U.S. Industries, Inc*., 854 F.2d at 1246. On the other hand, actual use in a motion presented to the court does not define the absolute outer limit of necessary costs, either. As this case was dismissed on the pleadings for failure to state claims on which relief could be granted, it would have been highly unusual, if not improper, for

---

[1] Although defendant also sought $974.75 for "costs incident to Plaintiff's deposition" in its original motion (Def. Motion ¶ 2 at 2), it stated in its reply brief that it was "not requesting the Court review the Clerk's denial of these costs" (Def. Rep. at 2 n.1).

defendant to rely on plaintiff's deposition testimony, or any evidence for that matter, in connection with the motion. Moreover, it would strain credulity to conclude that a deposition of the plaintiff is not necessary in this case, or, indeed, most cases. That a defendant may believe the plaintiff's claims are subject to dismissal under Rule 12(b) does not absolve it from continuing to move forward with discovery in the event the court ultimately concludes otherwise. It does not take much to imagine that a deposition of the named plaintiff could well appear necessary at the time it was taken, even if a motion to dismiss on the pleadings were then pending. **See Mitchell v. City of Moore, Oklahoma**, 218 F.3d 1190, 1205 (10th Cir. 2000) ("[I]it would be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case.") (quoting **Callicrate v. Farmland Industries, Inc.**, 139 F.3d 1336, 1341 (10th Cir. 1998)).

However, not all the items defendant seeks as "costs" associated with plaintiff's deposition are recoverable. Specifically, although costs of a videotaped deposition may be recovered in certain circumstances, defendant presents no argument or evidence showing that both a transcript and a videotape were necessary in this case. **See Tilton v. Capital Cities/ABC, Inc.**, 115 F.3d 1471, 1477-78 (10th Cir. 1997) (noting that recovery of cost of both stenographic transcript and videotape "would be appropriate if it had a legitimate use independent from or in addition to the videotape which would justify

its inclusion in an award of costs") (citation and internal quotation marks omitted).[2]  Nor are the costs of a rough draft or "e-transcript" of the deposition recoverable, as defendant has made no showing that these items were anything more than a convenience for counsel.  **See  Burton v. R.J. Reynolds Tobacco Co.**, 395 F.Supp.2d 1065, 1080 (D. Kan.), ***rev'd in part on other grounds***, 397 F.3d 906 (10th Cir. 2005). **See also Irwin Seating Co. v. International Business Machines Corp.**, 2008 WL 1869055 at *4 (W.D. Mich. Apr. 24, 2008); **Centennial Broadcasting, LLC v. Burns**, 2007 WL 1839736 at * 2 (W.D. Va. June 22, 2007).  Accordingly, these costs were properly disallowed.

Thus, defendant is entitled to recover the cost of one copy of the original certified transcript of plaintiff's deposition ($1,070.70) and its attendant exhibits ($29.68) for a total of  $1,100.38.  In addition, defendant is entitled to recover statutory attendance fees of $120.00 paid to plaintiff pursuant to 28 U.S.C. § 1821(b).  **See** 28 U.S.C. § 1920(3) (providing for recovery of "[f]ees and disbursements for ... witnesses"); **see Karsian v. Inter-Regional Financial Group, Inc.**, 13 F.Supp.2d 1085, 1091-92 (D. Colo. 1998).

Defendant also seeks photocopying costs associated with producing documents for its expert witnesses, arguing that such costs appeared necessary at the time they were incurred because the deadline for submission of expert reports predated my resolution of the motion to dismiss.  Although such costs might be recoverable on such

---

[2]  Defendant apparently construes *Tilton* as creating an automatic rule of recovery, but I do not. The touchstone of entitlement to costs remains necessity, and the party seeking costs must present some evidence to support a finding on that critical issue.

a theory, defendant has failed to adequately support its request for recovery of those costs here. The records appended to its motion show nothing more than undifferentiated references to unspecified "copying charges," with no indication of what documents were copied. Although defendant attempts to rectify this lack of substantiation in its reply by providing an index of documents sent to its expert witnesses (Def. Reply App., Exh. A), this evidence does not resolve the problem. Of the 36 categories of documents set forth in the index, some deal with manufacture and warranty issues related to the TASER device itself, while others relate to plaintiff's medical condition and treatment. Defendant does not explain why its medical causation expert required copies of the TASER Operating Manual or the materials used by the Aurora Police force for its 2004 in-service training on use of the TASER device. Likewise, it is not clear why defendant's experts on TASER devices required access to the full panoply of plaintiff's extensive medical records. In the absence of any explanation by defendant as to why any individual expert required all the materials described by the index, I cannot conclude that defendant has shown that *any* of the photocopying charges sought were necessarily obtained for use in the case.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Taser International, Inc.'s Motion for Review of Clerk's Entry of Costs** [#74], filed May 1, 2008, is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. That the motion is **GRANTED**:

        (1). With respect to defendant's request for costs associated with

obtaining the original certified transcript of plaintiff's deposition and its attendant exhibits pursuant to 28 U.S.C. § 1920(2);

  (2). With respect to defendant's request for costs incurred as witness fees to secure plaintiff's appearance at his deposition as required by 28 U.S.C. § 1821(b), pursuant to 28 U.S.C. § 1920(3);

 b. That the motion is **DENIED** otherwise; and

2. That, thus, defendant is **AWARDED** additional costs of $1,220.38 for the items found to be recoverable in paragraph 1.a., *supra*.

Dated November 4, 2008, at Denver, Colorado.

       **BY THE COURT:**

       **s/ Robert E. Blackburn**
       **Robert E. Blackburn**
       **United States District Judge**